# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY WITTLER,

      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBERS
AT-3443-15-0091-I-1
AT-3443-15-0260-I-1

DATE: September 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey Wittler</u>, Lexington, South Carolina, pro se in Docket No. AT-3443-15-0091-I-1.

<u>Raymond Mitchell</u>, Columbia, South Carolina, for the appellant in Docket No. AT-3443-15-0260-I-1.

<u>Edith W. Lewis</u>, Esquire, Columbia, South Carolina, for the agency in Docket No. AT-3443-15-0091-I-1.  The agency did not designate a representative in Docket No. AT-3443-15-0260-I-1.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The appellant has filed petitions for review of two initial decisions, which dismissed his nonselection appeals for lack of jurisdiction.  We JOIN these appeals because we have determined that doing so will expedite processing of the cases and will not adversely affect the parties' interests.  5 C.F.R. § 1201.36.

¶2    Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

¶3    The appellant, a GS-11 Electronics Technician with the agency, applied for the position of Engineering Technician, GS-11.  Upon review, the agency determined that the appellant's application would receive no further consideration because his résumé was not in compliance with the requirements of the vacancy announcement.  Initial Appeal File (IAF) 0091,[2] Tab 1 at 7.  On appeal, the appellant challenged the agency's decision, arguing that his application was complete. *Id.* at 3.

---

[2] The abbreviations IAF 0091 and IAF 0260 refer to the sequence numbers for the docket numbers of the appellant's two appeals.

¶4     The appellant also applied for the position of Supervisory Electronics Technician, GS-12, but was not selected.  IAF 0260, Tab 2; Tab 1 at 9.  On appeal, he challenged his nonselection and argued that it was in retaliation for an equal employment opportunity (EEO) complaint he had filed that included the hiring official.  IAF 0260, Tab 1 at 6.

¶5     In acknowledging both appeals, the administrative judge advised the appellant that the Board generally lacks the authority to address a nonselection claim except where the unsuccessful candidate alleges that the agency's decision was made in retaliation for his whistleblowing, the product of discrimination based on uniformed service, or violative of the candidate's veterans' preference rights.  In each case, the administrative judge ordered the appellant to file evidence and argument to prove that the action is within the Board's jurisdiction. IAF 0260, Tab 3; IAF 0091, Tab 2.

¶6     The administrative judge dismissed both appeals for lack of jurisdiction. IAF 0091, Tab 4, Initial Decision (ID) 0091 at 1, 3; IAF 0260, Tab 4, ID 0260 at 1, 2.  He found in each that the appellant had not filed a response to the jurisdictional issue, ID 0091 at 2; ID 0260 at 2, and had not identified any exception to the general rule that the Board lacks jurisdiction over nonselections. ID 0091 at 2-3; ID 0260 at 2.

¶7     The appellant has filed petitions for review in both cases.  Petition for Review (PFR) File 0091, Tab 1; PFR File 0260, Tab 1 at 1, 11-19.  The agency has not responded.

¶8     The Board lacks direct jurisdiction under 5 U.S.C. § 7512 over an employee's nonselection for a position.  *E.g., Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 9 (2005).  Despite the general lack of jurisdiction, however, an employee may appeal his nonselection for a position or a promotion by other statutory means, such as under the Veterans Employment Opportunities Act (VEOA) if he claims that the agency violated his rights under a statute or regulation relating to veterans' preference, or the Uniformed Services

Employment and Reemployment Rights Act (USERRA) if he claims discrimination based on his uniformed service, or through an individual right of action appeal if he claims retaliation for whistleblowing. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶¶ 5-12 (2007).

¶9        Regarding the 0091 case, the appellant contends on review that he was nonselected for promotion, but he does not argue that the nonselection was based on any of the exceptions set forth above. He correctly states that the administrative judge misstated the name of the position for which he had applied, PFR File 0091, Tab 1 at 1; ID 0091 at 1, but the administrative judge's error is of no legal consequence because it did not adversely affect the appellant's substantive rights. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010). Moreover, the appellant claims that he submitted below a response to the jurisdictional order. However, he has not submitted a copy of that response on review. Thus, we cannot consider any effect it might have had on the administrative judge's jurisdictional finding.

¶10        Regarding the 0260 case, the appellant also contends on review that he was nonselected for a position, but, similarly, he does not argue that the nonselection was based on any of the exceptions set forth above. PFR File 0260, Tab 1 at 1. With his petition, he has submitted a copy of the response he claims he submitted below, *id.* at 11-19, along with a facsimile cover sheet that suggests that he indeed may have faxed the documents to the regional office[3] and so we will review them now. The documents consist of a September 3, 2014 letter to the appellant from the agency's Office of Resolution Management regarding a notice of the amendment of his EEO complaint, *id.* at 11-18, and a copy of his DD-214, Certificate of Release or Discharge from Active Duty. *Id.* at 19. Even if the letter supported the appellant's claim that the selecting official in the instant action was named in his EEO complaint, retaliation on that basis is not among the

---

[3] The record does not reflect that the regional office received the documents at issue.

exceptions to the general rule that the Board lacks jurisdiction over nonselections.[4] Because the appellant submitted his DD-214 below, IAF 0260, Tab 2 at 11, it is not new evidence and therefore we need not consider it. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the

---

[4] Under the Whistleblower Protection Enhancement Act, the Board's IRA jurisdiction extends to claims of retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation concerning remedying a violation of 5 U.S.C. § 2302(b)(8) (retaliation for whistleblowing). 5 U.S.C. § 2302(b)(8)(A)(i). A review of the letter the appellant submitted does not reflect that the EEO complaint concerns remedying an alleged violation of § 2302(b)(8). Therefore, insofar as the appellant alleges that the agency nonselected him in retaliation for his EEO complaint, the Board would lack jurisdiction to consider such an allegation in the context of an IRA appeal. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　　_____
　　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.